M. J. BRANDENSTEIN and Edward Bransten, Copartners as M. J. Brandenstein & Company, Respondents, v. McGRANN-REYNOLDS FRUIT COMPANY, a Corporation, Appellant.

(216 N. W. 567.)

**Damages — breach of contract — damages must be proximately by breach.**

1. In an action for goods sold and delivered, where the defendant sought to

counterclaim damages for breach of an alleged contract of exclusive agency, terminable only at the option of the defendant, it is *held:*

Where damages are sought to be recovered for breach of contract, it must appear that such damages are proximately caused by the breach, and where no damages are alleged except such as might be sustained by a party through the exercise by the other party of rights not limited or restricted by the contract, such damages do not result proximately from the breach alleged.

**Principal and agent — contract for agency — no definite compensation — wrongful termination — no action for substantial damages.**

2. Where a contract for a continuing agency is devoid of obligatory terms which would secure to the agent any definite measure of compensation, a wrongful termination of the agency does not give rise to a cause of action for substantial damages.

Opinion filed December 12, 1927.

Agency, 2 C. J. § 454 p. 789 n. 37.   Damages, 17 C. J. § 76 p. 742 n. 84; p. 744 n. 86.

Appeal from the District Court of Cass County, *Cooley,* J.
Affirmed.
*Lovell & Horner,* for appellant.
*John G. Pfeffer,* for respondents.

PER CURIAM.   The plaintiffs are wholesale coffee merchants.   The defendant is a jobber at Fargo, North Dakota.   Plaintiffs brought this action to recover for coffee sold and delivered to the defendant.   The defendant answered, generally denied the allegations of the complaint, and counterclaimed for damages arising from an alleged breach of contract.   The plaintiffs replied challenging the sufficiency of the counterclaim.   The cause came to trial before the court without a jury.   The plaintiffs presented their case.   The defendant then sought to offer evidence to establish the allegations of its counterclaim.   Plaintiffs objected to the introduction of any evidence on the ground that the counterclaim did not state facts sufficient to constitute a cause of action.   The objection was sustained and judgment ordered for plaintiffs for the relief demanded in their complaint.   Defendant thereafter moved for a new trial, which motion was denied.   Defendant then perfected this appeal from the judgment and from the order of the trial court denying its motion for a new trial.

The whole question on this appeal is as to the sufficiency of the counterclaim. The allegations thereof are as follows:

"Further answering and as and for a second and further defense herein and by way of counterclaim, the defendant alleges that on or about the month of January, 1922, the plaintiff entered into a contract with the defendant whereby the defendant was appointed exclusive sales agent in the cities of Fargo, North Dakota, and Moorhead, Minnesota, for the brand of coffee then and there commonly known as M. J. B., then and there sold exclusively by the plaintiff, such agency to begin at the date of such contract and to continue during the pleasure of the defendant and that by the terms of said contract it was agreed by and between the parties, that the defendant should devote its sales organization to introducing and selling the said brand of coffee in the said cities of Fargo and Moorhead and also throughout the territory visited by the traveling salesmen of the defendant during the continuation of such contract and that defendant should incur such expense as defendant saw fit in advertising the said brand of coffee and in securing permanent customers therefor and purchasers thereof among the retail merchants in said territory, co-operating in such advertising and in the use of its sales organization with the agents of the plaintiff, and it was then and there further understood and agreed that a commission should be paid by the plaintiff to the defendant on any and all sales so made by the defendant as the plaintiffs' agent in said territory and that, at the time of making such contract, it was mutually understood and agreed and within the contemplation of both of the said parties, that during the early period of the existence of such contract no remunerative profits would inure to the benefit of the defendant but that the said sales agency would become more and more valuable by reason of its continuance and by reason of the assurance to the defendant that the said sales agency would continue during the pleasure of the defendant and would not be terminated by the plaintiff arbitrarily and without cause, and that by way of special inducement to the defendant to undertake the selling agency for the said brand of coffee the plaintiff promised and agreed that the said contract should remain in force until terminated by the defendant and that under the terms of said agreement the increasing profits of such agency were within the contemplation of both of the parties thereto, it being then and there understood by and between the plaintiff and the

defendant that the defendant had an established clientage and line of customers among the retail merchants within the territory covered by the defendant's sales organization and particularly within the said cities of Fargo and Moorhead, and that by reason of the permanence of the contract then and there offered to the defendant by reason of the continuation of the contract then assured to the defendant until such time as defendant should elect to terminate the same, the defendant would receive just and suitable compensation for the time devoted to the exploitation and advertising of said brand of coffee and that the defendant would receive compensation for the expenses incurred and the time of its sales organization consumed in advertising and introducing the said brand of coffee in the territory aforesaid and that thereupon and in reliance upon the promises and agreements of the plaintiffs, and not otherwise, the defendant undertook the said sales agency, upon commission, of the said brand of coffee and made use of its extensive sales organization and incurred a large amount of expense in advertising and introducing the said coffee into the territory aforesaid and continued to act as the sales agent of the plaintiff in the territory aforesaid for the said brand of coffee up to and until the month of April, 1924, at which time the plaintiff arbitrarily repudiated its said contract and refused to continue further or for a longer period of time the sales agency of the defendant established as aforesaid to defendant's damage in the sum of Five Thousand Dollars ($5,000)."

The plaintiffs, challenging the sufficiency of the counterclaim, contend that the agreement therein set out and on which the defendant relies does not constitute a binding contract as against the plaintiffs; that the alleged agreement was lacking in mutuality; that there was merely a proposal on the part of the plaintiffs, unilateral in character and never ripening into a contract; and there was no undertaking on the part of the defendant either to perform any services, to expend any time, effort, or money in advertising, or to take or sell any quantity of coffee; that whatever was to be done on the part of the defendant was optional with it and that the continuance of the alleged agency was wholly optional with the defendant; that the claim for damages is on account of the breach of the alleged contract and for damages flowing therefrom subsequent to such breach which are wholly speculative and unascertainable. On the other hand, the defendant contends that the counterclaim sets up

a good and binding contract; that while the same is unilateral, the consideration therefor was the expenditure of effort and money in the advertising of the coffee and promoting its sale in the trade territory of the defendant; that the defendant performed in good faith to its detriment and to the plaintiffs' advantage, and so there was a good and sufficient consideration for the promises and agreement of the plaintiffs.

Upon examination of the counterclaim it will be seen that it alleges the appointment of the defendant as exclusive sales agent in the cities of Fargo and Moorhead and not in the surrounding territory. While it is said it was agreed that the defendant should devote its sales organization to introducing this brand of coffee throughout the territory visited by the traveling salesmen of the defendant, the territory is not definitely defined. It further appears that the advertising was to be done in co-operation with the agents of the plaintiffs and that *a commission* would be paid by the plaintiffs to the defendant on all sales made by the defendant as the plaintiffs' agent in the territory and not on all sales of the coffee within the territory. It is not alleged that any selling price from the plaintiffs to the defendant was agreed upon, nor that any commission was stipulated upon a net price, or that there was in fact any definite commission. Neither is it alleged that the plaintiffs agreed to supply to the defendant whatever amount of coffee would be required to supply the defendant's customers.

After the alleged contract—if it is a contract—was made, it is clear that the plaintiffs had the right to alter the price of coffee they would supply in response to any future order to the point where no commission might have been realized. It is also clear that the plaintiffs had in no manner restricted themselves from the exercise of their right to withdraw from competition in the field where the defendant was active. While it is alleged that the plaintiffs arbitrarily and without cause and in violation of their agreement terminated the agency of the defendant, it is difficult to see wherein even a wrongful termination of the agency outlined in the so-called contract could result in damages that are not wholly speculative. If it be supposed that the defendant through a persistent and expensive advertising campaign had built up a trade in the plaintiffs' product to the point where the volume of business to be anticipated was fairly certain and anticipated commissions likewise con-

stant, it must necessarily further be supposed, nothing appearing in the alleged contract to the contrary, that the plaintiffs are under no obligation to the defendant to supply the product to meet the anticipated business nor to supply it at a price which would enable the defendant to realize a profit or commission. We cannot read into the contract terms that are not alleged and, in the absence of terms such as those indicated, we cannot regard damages to be reasonably certain which would none the less accrue to the defendant if the plaintiffs should merely exercise their rights. If the defendant anticipated that in carrying out the agency it might sustain loss through the failure to reap the anticipated profits as a reward for its activities by way of advertising and sale, it should have seen to it that the contract contained provisions for reciprocal obligations on the part of the plaintiffs. It appears that any damages which the defendant might have sustained are due to the failure of the defendant to bind the plaintiffs to any definite measure of performance rather than to any alleged wrongful termination of the agency. All the damages complained of might equally have been sustained without the revocation of the agency had the plaintiffs merely exercised their rights.

The pleading in question is subject to the following criticism of the United States Supreme Court in the case of McGuire v. Gerstley, 204 U. S. 489, at page 501, 51 L. ed. 581, 588, 27 Sup. Ct. Rep. 332:

"It is impossible for a court to see how these damages would necessarily or probably flow from a violation of said agreement, or that they could form a basis for any legal demand flowing from not longer fulfilling the terms of the alleged contract. The damages alleged in the pleas are most remote, vague, and shadowy in their nature, such as could not have been contemplated by any party to the alleged agreement, as the probable result of its violation. While rules of pleading have become more liberal in modern days, yet, in order to found a cause of action on the alleged shortcomings of another, they must at least be so far plainly set up as to show actual damage and the wrongful act of the other party as the proximate and natural cause. The particulars of the alleged resulting damages should be so far set forth that the court may be able to see therefrom that such alleged damages are neither obscure, vague, nor shadowy, but might, and probably would, naturally result from the acts complained of."

We are of the opinion that the counterclaim does not show a cause of action for substantial damages resulting from the breach of the contract alleged therein. The contract itself is utterly devoid of obligatory terms which would secure to the defendant any measure of compensation under a continuing agency. It follows that there was no error in excluding evidence to establish this counterclaim, and that the judgment should be affirmed. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURKE, JJ., and COLE, Dist. J., concur.

BURR, J., did not participate; Honorable A. T. COLE, Judge of the First Judicial District, sitting in his stead.